■ J. SPEZIO, an Infant by His Parent and Natural Guardian, LEO SPEZIO, et al., Respondents, v. TRAVELERS INSURANCE COMPANY, Defendant and Westchester Fire Insurance Company, Appellant.— Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: The judgment properly declared that the defendant insurance company is required to defend the action brought against the plaintiffs-respondents Leo Spezio and Joseph Spezio. It was error to have included the plaintiff-respondent Virginia Surace as a party covered by the so-called homeowner's policy. The definition of insured under the policy includes: " (a) the named Insured, (b) if residents of his household, his spouse, the relatives of either and any other person under the age of 21 in the care of an Insured ". The evidence is undisputed that Virginia Surace was over 21 years of age at the time of the accident and was not a member of the Spezio household. Therefore, Virginia Surace is not covered by the policy and there is no obligation on the part of Westchester Fire Insurance Company to defend for her or to pay any

judgment which might be rendered against her. (Appeal from judgment of Monroe Trial Term in action on insurance policy.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.