■ GARY L. BASHOR, Appellant, v EXCESS INSURANCE COMPANY et al., Respondents. — In an action for a declaration that defendants are obligated to defend plaintiff in another action, plaintiff appeals from an order of the Supreme Court, Dutchess County (Quinn, J.), dated October 10, 1979, which granted defendants' motion for summary judgment to the extent of declaring that the defendants are not obligated to defend plaintiff. Order affirmed, with $50 costs and disbursements. Defendants issued a policy of insurance to plaintiff's employer, Merit Department Store, Inc., which is the named insured. Pursuant to the language of that policy an employee such as plaintiff is not within the definitional section of an "insured" person. Accordingly, although defendants are required to defend plaintiff's employer, they are under no obligation to defend plaintiff in the personal injury action brought against plaintiff and his

employer arising out of plaintiff's conduct. (*Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, affd 49 NY2d 924; *Pattengell v Welsh,* 81 AD2d 831; *Spezio v Travelers Ins. Co.,* 30 AD2d 762.) The fact that the named insured is a corporation does not change this result. "A liability policy covering a corporation does not a fortiori cover its employees." (3 Couch, Insurance 2d, § 23:26, 1981 Supp, p 11; *Shapiro v Di Guilio,* 95 Ill App 2d 184; see, also, *Flynn v Hartford Fire Ins. Co.,* 146 NJ Super 484, petition for certification den 75 NJ 5.) Mollen, P. J., Mangano, Gibbons and Thompson, JJ., concur.