OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and all claims against Public Service Mutual Insurance Company dismissed.
"[CJourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies” (State of New York v Home Indem. Co., 66 NY2d 669, 671) and unambiguous provisions must be given their plain and ordinary meaning (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232). Here, the insurance contract issued by Public Service to the Village of Monticello named as insureds the "Village of Monticello, New York and Board of Water Commissioners”, and although various additionally named and described persons and organizations are designated additional insureds, the policy does not name, describe or otherwise refer to individual police officers employed by the village as insureds. Under the terms of the policy, therefore, Public Service had no obligation to defend or indemnify the individual police officers. Nor would the principle enunciated in Schiff Assoc. v Flack (51 NY2d 692) have any applicability here since these officers, having retained their own counsel promptly, cannot be said to have "suffer[ed] the detriment of losing the right to control [their] own defense” (Schiff Assoc. v Flack, supra, at p 699).
We have considered respondents’ other claims and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum; Judge Meyer taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.