710 F.Supp. 474 (1989)
Edmond LEVY, Eddy Antar, and Solomon E. Antar, Plaintiffs,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant.
88 Civ. 1518 (KTD).
United States District Court, S.D. New York.
March 13, 1989.
*475 Friedman & Kaplan, New York City, for plaintiffs; Andrew W. Goldwater, of counsel.
D'Amato & Lynch, New York City, for defendant; Mary Jo Barry, of counsel.

MEMORANDUM & ORDER
KEVIN THOMAS DUFFY, District Judge.
Plaintiffs Edmond Levy, Eddy Antar, and Solomon E. Antar (jointly the "former directors") move pursuant to Fed.R.Civ.P. 56 for summary judgment declaring defendant National union Fire Insurance Company of Pittsburgh ("National Union") liable under the Directors and Officers Liability and Corporation Reimbursement Policy (the "Policy") issued to Crazy Eddie, Inc. ("CEI"), for the expenses incurred by the former directors in defending themselves in Crazy Eddie, Inc. v. Eddie Antar, et al., No. 9378 (Del.Chan.1987) ("Delaware Action"). National Union cross-moves for summary judgment declaring that the costs incurred by the former directors in defending the Delaware Action are excluded from coverage under the Policy.

FACTS
Eddy and Solomon Antar were members of the board of officers and directors of CEI until November 6, 1986. Edmond Levy was a member until December 1, 1986. National Union does not dispute that each of the former directors are insureds under the Policy and that the Policy was in effect on November 6, 1986.
CEI filed the Delaware action on November 6, 1986, claiming that the former directors and others breached their fiduciary duty to CEI in agreeing to have CEI enter into certain employment agreements with officers and directors and in approving loans to officers and directors. The former directors timely notified National Union of the action and requested concurrent reimbursement under the policy for the costs of defending the action and any amounts that they would ultimately have to pay in the action.

DISCUSSION
The papers submitted by the parties on these motions dispute first, whether or not the Delaware action is excluded from coverage under the Policy and, second, if it is not excluded, whether or not National Union is obligated to pay the costs of defending the action as they are incurred by the former directors.
The argument regarding exclusion focuses on the proper interpretation of the following Policy language:
The Insurer shall not be liable to make any payment for Loss in connection with any claim or claims made against the Insureds:
....
(i) which are brought by, or on the behalf of, any other Insureds including but not limited to shareholders' derivative suits and/or representative class action suits, brought by one or more past, present or future Directors and/or Officers including their estates, beneficiaries, heirs, legal representatives, assigns and/or the Company against one or more past, present or future Directors or Officers;

....
Affidavit of Mary Jo Barry, Esq., in Support of National Union's Cross-Motion for Summary Judgment ("Barry Aff."), Exh. D, ¶ 4(i) (emphasis added).
The former directors focus on the language of subsection (i) preceding the word "including" and argue that that language *476 is the exclusion's "premise" and is defined, but not expanded, by the examples following the word "including." Under their view, the exclusion applies only to suits expressly brought by past, present or future directors of CEI, who are the named insureds under the policy. The example naming "the Company" is thus either ambiguous and should be ignored, or refers only to shareholders' derivative suits, or representative class actions brought by the company and does not exclude coverage for the Delaware action.
That argument ignores the reality that the corporation in this case is acting through its current officers and directors. The former directors themselves acknowledge this when, in their discussion of the facts they note that "the new management ... filed an action in the name of CEI in ... Delaware." Memorandum in Support of Plaintiffs' Motion for Summary Judgment on the Issue of Liability at 11. The common sense reading of the 4(i) exclusion is thus that it expressly applies to claims, such as those in the Delaware action, that are brought through and on behalf of the current officers and directors. This reading renders the exclusionary language clear and unambiguous when read as a whole. Such language must be enforced without amendment by judicial construction. See Sanabria v. American Home Assurance Co., 68 N.Y.2d 866, 501 N.E.2d 24, 508 N.Y.S.2d 416 (1986); Nipkow & Kobelt, Inc. v. N. River Ins. Co., 633 F.Supp. 437, 438 (S.D.N.Y.1986).
Because I find that the former directors' claims are expressly excluded from coverage under the Policy, I need not address the arguments regarding National Union's obligation to reimburse CEI for losses under the policy as they are incurred.
In sum, the former directors' motion for summary judgment is denied, National Union's motion for summary judgment is granted, and the complaint is dismissed.
SO ORDERED.