■ NATIONAL GENERAL INSURANCE COMPANY, Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, et al., Defendants. [601 NYS2d 4] —Order and judgment (one paper) of Supreme Court, New York County (Alfred J. Toker, J.), entered June 30, 1992, which, *inter alia,* declared that defendant Hartford Accident and Indemnity Company (Hartford) is obligated to defend and indemnify defendants American Investor Services, Inc., and the Estate of Warren Geddes in an action for wrongful death, is unanimously modified, on the law, by a declaration that Hartford has no duty to defend or indemnify the Estate of Geddes, and otherwise affirmed, without costs or disbursements.

On November 17, 1986, Warren Geddes, president of First American Holdings, Inc., now known as American Investor Services, Inc. ("AIS"), was piloting an aircraft in which Gary Conway, an AIS employee, was a passenger, when the plane crashed, killing the two men.

At the time of the crash, plaintiff National General Insurance Company ("National") insured the owner of the plane under a liability policy, which named Geddes as an additional insured.

Defendant Hartford insured AIS under a workers' compen-

sation policy pursuant to which the corporation First American Holdings, Inc. (AIS's predecessor) was the only named insured on the policy.

The general definition section of the Hartford policy states "You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, you are insured, but only in your capacity as an employer of the partnership's employees."

Neither the portion of the policy setting forth the duty to defend nor any other part of the policy, contained any relevant exclusions; nor, on the other hand, did the policy contain any endorsement naming additional insureds (as did the National policy).

Death benefit claims were paid to the Estate of Gary Conway and to the Estate of Warren Geddes under the Hartford policy. The Conway Estate then brought a wrongful death action, in which the employer (AIS) and co-employee (Geddes' Estate) became third-party defendants.

By letter dated November 29, 1988, National requested that Hartford assume the defense of the Geddes Estate. This request was repeated, without response from Hartford. Hartford's denial of the duty to defend the Geddes Estate in the Conway wrongful death action was not forthcoming until it served its verified answer, dated May 15, 1990, in the instant declaratory judgment action.

There was no coverage pursuant to the Hartford's workers' compensation policy for the defense of a wrongful death action brought against the Estate of Warren Geddes. Geddes was not a named insured under the policy, nor was he included as an additional insured (as he was under the additional insured endorsement of the National liability policy).

The corporation was the only insured under the Hartford policy and there is no duty to defend an employee of the insured employer (see, e.g., Bashor v Excess Ins. Co., 86 AD2d 882 [where liability policy covering corporation held not, a fortiori, to cover employees]).

Although it is well settled that an insurer's duty to defend is broader than its duty to indemnify, it is equally well settled that the obligation to defend does not extend to claims not covered by the policy (see, 30 W. 15th St. Owners Corp. v Travelers Ins. Co., 165 AD2d 731, 733).

There is no evidence herein that it was intended that Geddes be covered, as he was neither named nor added by

endorsement as he had been on the National liability policy *(see, Sanabria v American Home Assur. Co.,* 68 NY2d 866).

Finally, we note that the failure of Hartford to disclaim coverage cannot create coverage where none existed *(see, Zappone v Home Ins. Co.,* 55 NY2d 131). *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028) is not apposite. There the party who requested coverage was an insured under the policy and the insurer was attempting to disclaim coverage. Here, Geddes was *not* an insured under the Hartford policy and never requested coverage from Hartford. Concur—Ellerin, J. P., Ross, Asch and Kassal, JJ.