■ SACKS AND SACKS et al., Respondents, v HOME INSURANCE COMPANY, Appellant, et al., Defendants. [604 NYS2d 56] — Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about April 21, 1993, which denied defendant-appellant's motion for summary judgment, and declared that defendant-appellant must provide plaintiffs with a defense in the underlying action for legal malpractice, unanimously affirmed, with costs.

While many of the acts of legal malpractice alleged in the underlying action may be within the prior acts exclusion of the policy, it is not clear that they all are. As the IAS Court stated, in the absence of a showing "that the allegations of the [underlying] complaint cast the pleading entirely within the policy exclusion", defendant owes plaintiffs a duty to defend (see, Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65-66). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.

■ KAMBIZ HAKIM, Appellant, v VIVIE VON WALSTROM, Respondent, et al., Respondents. [604 NYS2d 733] —Order, Appellate Term, Supreme Court, First Department (Riccobono, J. P., Miller and McCooe, JJ.), entered July 24, 1992, reversing the judgment of the Civil Court, New York County (Mark H. Spires, J.), entered July 22, 1991, unanimously reversed and the judgment of the Civil Court be and the same is hereby reinstated and affirmed for the reasons stated by Spires, J., without costs and without disbursements. No opinion. Concur —Carro, J. P., Rosenberger, Ellerin and Asch, JJ.