**COREGIS INSURANCE COMPANY, Plaintiff,**

v.

**Frank M. BLANCATO, P.C., and Varella Construction, Inc., Defendants.**

**No. 99 Civ. 4220 (CM) (GAY).**

United States District Court, S.D. New York.

Dec. 14, 1999.

Megan W. Bartolone, Bollinger, Ruberry & Garvey, Williamsville, NY, Mary L. Cole, Robert A. Chaney, Bollinger, Ruberry & Garvey, Chicago, IL, for Coregis Insurance Co, plaintiff.

Kitley S. Covill, Covey, Roberts, Buchanan & McGroddy, Katonah, NY, for Varella Construction, Inc., defendant.

**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

McMAHON, District Judge.

Plaintiff Coregis Insurance Company ("Coregis") filed a Complaint for Declaratory Judgment and Rescission as to its obligation to defend Defendant Frank M. Blancato, P.C. ("Blancato") in a legal malpractice action brought against Blancato by Defendant Varella Construction, Inc. ("Varella"). Coregis now moves for summary judgment on Count I of its Complaint. For the reasons that follow, its motion is granted.

*Background*

This insurance coverage dispute arises out of alleged malpractice by Defendant Blancato on various occasions during 1996. In December 1998, Defendant Varella initiated the underlying action against Blancato in New York State Supreme Court, Westchester County. That action is currently pending. Varella alleges in its Complaint that it retained Blancato in December 1989 to recover an amount that 250 Central Park Avenue Corp. ("250 Central") owed Varella in connection with work that Varella had performed under a construction contract. Shortly thereafter, Varella signed a Notice of Mechanics Lien, which Blancato told Varella he would file. In 1991, Varella signed a Complaint against 250 Central prepared by Blancato. Blancato represented to Varella that he would file the Complaint in Supreme Court, Westchester County, but in February 1996, Varella learned that Blancato had not filed either the Lien or the Complaint.

In March 1996, Varella fired Blancato and retained its current counsel, Covey, Roberts, Buchanan & McGroddy, to prosecute the action against 250 Central. Meanwhile, there was some confusion in the state court with respect to exactly who Varella's counsel was, apparently because Blancato had not signed Varella's Consent to Change Attorney form and remained as counsel of record. In April 1996, 250 Central filed a motion to dismiss which was opposed by Blancato, who also cross-moved to amend the Complaint. On September 3, Judge Peter Rosato denied 250 Central's motion and referred Varella's motion to amend to another judge. Both decisions were sent to Blancato. On December 2, Judge Rosato sent a letter to Blancato ordering him to appear for a conference to clear up the confusion that had arisen over Varella's legal representation, and on December 13, 1996, Blancato by letter withdrew as counsel for Varella.

250 Central then moved again to dismiss the Complaint, based upon expiration on November 25, 1995 of the applicable six-year statute of limitations for breach of contract, as provided under N.Y. CPLR § 213. On November 30, 1998, Judge Rosato granted the motion on that ground as to three of Varella's four causes of action against 250 Central. Varella filed the instant legal malpractice claim against Blancato on December 29, 1998. Varella's complaint details Blancato's failure to bring its action before the expiration of the statute of limitations, and also alleges that Blancato forged the signature of Leonard Varella, Varella's President, in papers submitted in opposition to 250 Central's first motion to dismiss, and that Blancato fraudulently changed dates in a Mechanic's Lien submitted with those papers. On June 11, 1999, Coregis moved for a declaratory judgment from this Court as to its obligation to defend Blancato. Its Complaint includes three counts: (1) that the claims against Blancato pre-date the Retroactive Date provided in the policy, and are therefore not covered; (2) that the claims are not covered according to an exclusion in the policy for acts or omissions occurring prior to the effective date of the policy where the insured could reasonably have foreseen that such acts or omissions could form the basis of a claim; and (3) that the policy should be rescinded in view of Blancato's untruthful negative response to a question in the policy application as to whether the applicant is aware of any act or omission that might result in a claim against him. However, Coregis has moved for summary judgment as to the first count only, explaining that the other two counts will be "rendered moot" if its motion is granted. (Pl.Br. at 1.)

On an unspecified date, Coregis issued a Lawyers Professional Liability Insurance Policy to Blancato, effective August 6, 1998 to August 6, 1999, on a claims made and reported basis. The "Coverage—Professional Liability" Insuring Agreement, which appears on the first page of the policy, provides in pertinent part:

A. The Company will pay on behalf of any INSURED those sums in excess of the deductible which any INSURED becomes legally obligated to pay as DAMAGES as a result of CLAIMS first made against any INSURED, and reported to the Company during the POLICY PERIOD, any continuous renewal of this policy, or during any Extended Reporting Period; when reported in accordance with Conditions I.A. of the policy. **The CLAIM must arise by reason of an act, error, omission or PERSONAL INJURY** *occurring on or after the* **RETROACTIVE DATE,** if any. Coverage shall apply to any such CLAIMS arising out of services rendered or which should have been rendered by any INSURED, and arising out of the conduct of the INSURED'S profession as a lawyer. . . . (emphasis added).

The "Retroactive Date" is defined in the policy as:

the date, if specified in the Declarations or in any endorsement attached hereto, on or after which any act, error, omission or PERSONAL INJURY must have occurred in order for CLAIMS

arising therefrom to be covered under this policy. CLAIMS arising from any act, error, omission or PERSONAL INJURY occurring prior to this date are not covered by this policy.

The Retroactive Date is specified in Item F on the policy's Declaration page as August 6, 1996.

*Standard for Summary Judgment*

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-movant. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505. In making its determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *See id.* at 255, 106 S.Ct. 2505. To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Discussion*

Coregis points out that all of the alleged acts and omissions upon which the malpractice claim is based—i.e., Blancato's failure to file Varella's claim before the running of the statute of limitations on November 25, 1995, and Blancato's submission in June 1996 of opposition papers with a forged signature and false dates—occurred prior to the Retroactive Date of August 6, 1996. For that reason, Coregis argues, Blancato's malpractice is not covered under its policy. Coregis is correct. Retroactive provisions are valid and enforceable under New York law. *See 30 West 15th Street Owners Corp. v. Travelers Ins. Co.,* 165 A.D.2d 731, 733, 563 N.Y.S.2d 784, 786 (1st Dept.1990) (citing *Sanabria v. American Home Assur. Co.,* 68 N.Y.2d 866, 508 N.Y.S.2d 416, 501

N.E.2d 24 (1986)). As that court noted, "[a]lthough ... it is well settled that an insurer's duty to defend is broader than its duty to indemnify and that a contract of insurance will be strictly construed in favor of the insured [citations omitted], nevertheless, it is equally well settled that the obligation of an insurer to defend does not extend to claims which are not covered by the policy or which are expressly excluded from coverage." *Id.* In this case, Blancato's failure to timely commence Varella's action against 250 Central and his alleged doctoring of court papers fall under such an express exclusion, namely, the Retroactive Date. Blancato's non-compliance with the statute of limitations occurred on November 25, 1995; his response papers to 250 Central's first motion to dismiss were filed in June of 1996. Both dates were well in advance of the Retroactive Date, August 6, 1996. Coregis therefore has no obligation to defend Blancato under the terms of the policy.

Varella makes two arguments in response. First, it asserts that "[e]ven if many of the acts of legal malpractice alleged occurred prior to an exclusion date, if some acts occurred after the exclusion date the insurance company owes the plaintiff a duty to defend" (Def.Br. at 3), and cites for that contention *Sacks and Sacks v. Home Ins. Co.,* 198 A.D.2d 139, 604 N.Y.S.2d 56 (1st Dept.1993). Varella seems to be arguing, in other words, that a continuous sequence of malpractice may extend coverage under a malpractice policy to the portion of the malpractice that occurred prior to the Retroactive Date. Even if this argument were sound, Varella points to no specific acts of malpractice that took place after the Retroactive Date, but rather makes only the bare allegation that Blancato "continued acts of malpractice" up until December 13, 1998, when Blancato formally withdrew as counsel. (Def.Br. at 2). More to the point, however, the Appellate Division's two-paragraph opinion in *Sacks* provides no support for such disregard of the unambiguous policy terms. In *Sacks,* the court upheld the

trial court's ruling that the defendant-insurer was obligated to defend the plaintiffs in the underlying action on the ground that it was unclear from the record whether all of the acts of malpractice were within the prior acts exclusion of the policy in that case. The court did no more than endorse the lower court's conclusion that absent a showing "that the allegations of the [underlying] complaint cast the pleading entirely within the policy exclusion," the insurer owes a duty to defend. *See id.* (citation omitted). In this case, with the exception of Varella's wholly unsubstantiated assertion in its brief that Blancato's malpractice continued until he withdrew, it is undisputed that all the acts of malpractice at issue occurred before August 6, 1996.

Varella next argues that Coregis is required to defend and indemnify Blancato because Blancato remained as counsel of record and continued to act for Varella in the underlying action after the Retroactive Date. It cites as support a number of cases to hold that the authority of an attorney continues until that attorney is removed by court order or by stipulation. *See, e.g., Blondell v. Malone,* 91 A.D.2d 1201, 459 N.Y.S.2d 193 (4th Dept.1983). But Varella directs the Court to no legal authority, let alone basis in logic, for its argument that an insurer may be forced to defend an insured for acts of legal malpractice occurring outside the terms of its policy simply by virtue of the fact that the attorney continues to act on the client's behalf after the policy becomes effective.

In view of Varella's failure to raise any issue of fact as to whether Blancato's malpractice occurred after the Retroactive Date, Coregis's motion for summary judgment is granted.

This constitutes the order and decision of the Court.