■ Avery B. Seavey et al., Appellants, v James Kendrick Trucking, Inc., et al., Defendants, and Granite State Insurance Co., Respondent. [770 NYS2d 865]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 21, 2002, which, to the extent appealed from as limited by the briefs, declared that defendant Granite State Insurance Co. was not obligated to defend and indemnify plaintiffs in connection with an underlying personal injury action, and order, same court and Justice, entered April 4, 2003, which denied plaintiffs permission to serve an amended complaint as to said defendant, unanimously affirmed, with separate bills of costs.

Granite State's obligation to defend or indemnify did not extend to plaintiffs, who, it is now uncontroverted, were not named as insureds or additional insureds under the Granite State workers' compensation and employer's liability policy (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866 [1986]; *National Gen. Ins. Co. v Hartford Acc. & Indem. Co.*, 196 AD2d 414 [1993]). Plaintiffs never pleaded or argued that they were judgment creditors entitled to seek enforcement of Granite State's obligation to defendant Kendrick Trucking pursuant to Insurance Law § 3420 (b) (2). As such, their claims were unpreserved for appellate review, and we decline to review them.

The order granting Granite State summary relief in this declaratory judgment action became res judicata and could not be circumvented by a subsequent effort to amend the complaint

(*see Buckley & Co. v City of New York*, 121 AD2d 933, 935 [1986], *lv dismissed* 69 NY2d 742 [1987]). Furthermore, plaintiffs' current judgment creditor claims, which arose out of the very same transactions and occurrences at issue in the third-party indemnification portion of the underlying personal injury action, could have been raised in that earlier litigation (*see Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1 [2000]). Concur—Buckley, P.J., Andrias, Lerner and Friedman, JJ.