Order, Supreme Court, New York County (Sheila AbdusSalaam, J.), entered April 30, 2007, which, in a declaratory judgment action involving defendant-appellant insurer’s obligation to defend and indemnify plaintiff in an underlying action for personal injuries, denied the insurer’s motion for summary judgment, unanimously reversed, on the law, with costs, the motion granted, and it is declared that the insurer is not obligated to defend or indemnify plaintiff in the underlying action.
Plaintiffs in the underlying action allege, inter alia, that plaintiff herein rendered negligent genetic counseling services; plaintiff herein alleges that she rendered the genetic counseling services in question as an employee of the physician named in the underlying action under whose medical malpractice policy she is claiming coverage. The policy in question covers the physician himself (referred to in the policy as “you”) and the physician’s solo professional service corporation, the physician’s administrator, qualified temporary substitute physician, and estate. In addition, the policy covers “Vicarious Liability Claims,” defined as “liability arising from Claims made against you because of Professional Services which were provided (or should have been provided) by other people for whose conduct you are legally responsible.” The policy warns, however: “Be sure you understand that you are not covered under this policy for the acts of certain people in your employment for whose conduct you are responsible UNLESS THEY ARE INSURED UNDER A SEPARATE PROFESSIONAL LIABILITY INSURANCE POLICY,” in which event the insurer would pay the excess of the vicarious liability claim over the coverage provided by the other policy. The exclusions section of the policy lists such “certain people”: “Employed Physicians,” physician’s assistants, specialist’s assistants, nurses providing anesthesia services, nurse practitioners, and midwives employed by the physician.
Plaintiff argues, and the motion court agreed, that the policy is ambiguous as to whether it covers employees of the physician other than the ones listed in the exclusions section. As the mo *297 tion court saw it, to generally exclude employees would be to render the vicarious liability provision “meaningless and superfluous” since, “in the event that it is determined that [the physician] is vicariously liable for [plaintiffs] acts, the [underlying plaintiffs’] claim made against [plaintiff] is also a claim made against [the physician], the insured under [defendant’s] policy.” We reject that reasoning, and find that the policy’s vicarious liability coverage is not ambiguous. That the physician is covered for “[s]ervices which were provided ... by other people for whose conduct [he is] legally responsible” does not create coverage for those “other people” (cf. National Gen. Ins. Co. v Hartford Acc. & Indent. Co., 196 AD2d 414 [1993] [no evidence that employee of insured was intended to be covered where employee was neither named nor added by endorsement]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Buckley, JJ.