OPINION OF THE COURT
Alfred J. Weiner, J.
It is ordered that this motion is disposed of as follows: In this declaratory action, plaintiff Upstate Framing, Inc. (Upstate) is the insured of plaintiff Main Street America Group (Main *515 Street). Plaintiffs’ action seeks to impose an obligation upon defendant Everest National Insurance Group (Everest) to defend and indemnify Upstate against an underlying personal injury action filed by Angel Jaya, an employee of defendant Maldonado Contracting (Maldonado).
Angel Jaya, the plaintiff in the underlying action* was injured during the course of his employment while working at the premises of defendant Congregation Kahal Bais Usher. Upstate was the contractor that retained defendant Maldonado as a subcontractor. Plaintiffs allege that Upstate is entitled to coverage from Everest pursuant to a certificate of insurance that was issued by Maldonado’s insurance broker that stated that Upstate was an additional insured.
Everest denies liability and now seeks summary judgment contending that Upstate is not entitled to coverage under the policy since Upstate is neither a named insured nor an additional insured on the policy. According to Everest, the certificate of insurance issued by Maldonado’s insurance broker, who is not Everest’s agent, is not binding upon it.
Plaintiffs oppose the motion contending, in substance, that Upstate is an insured of Everest because the certificate of insurance issued by Maldonado’s insurance broker noted Everest as such. Plaintiffs also oppose the motion contending there are additional factors that raise issues as to the existence of coverage. Plaintiffs further claim that Everest’s application is deficient since it is not supported with an affidavit by a person with personal knowledge of the facts and because it failed to include a certified or otherwise authenticated copy of the insurance policy in issue. In sum, plaintiffs contend that the motion should be denied since there are questions of fact as to whether Upstate is an additional insured under the Everest policy.
The certificate at issue specifically states: “THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW”
It is well settled that the function of a court on a motion for summary judgment is issue finding, not issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Wiener v Ga-Ro Die Cutting, 104 AD2d 331 [1st Dept 1984], affd 65 NY2d 732 [1985].) Since summary judgment is a *516 drastic remedy — the procedural equivalent of a trial (Sillman v Twentieth Century-Fox Film Corp. at 404) — it should not be granted where triable issues of fact are raised in conflicting affidavits.
It is also well settled that the insured has the burden to establish coverage and the insurer has the burden to prove that an exclusion in the policy applies to defeat coverage. (Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 621 [1997]; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66 [1989].)
Moreover, it has been held that insurance coverage extends only to named entities and/or individuals defined as insured parties under the relevant terms of the policy. (Sanabria v American Home Assur. Co., 68 NY2d 866 [1986]; Seavey v James Kendrick Trucking, 4 AD3d 119 [1st Dept 2004]; Mitchell v County of Jefferson, 217 AD2d 917 [4th Dept 1995]; National Gen. Ins. Co. v Hartford Acc. & Indem. Co., 196 AD2d 414 [1st Dept 1993].) “[W]here the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify.” (State of New York v American Mfrs. Mut. Ins. Co., 188 AD2d 152, 155 [3d Dept 1993].)
A certificate of insurance is merely evidence of a contract for insurance, not conclusive proof that the contract exists, and not, in and of itself, a contract to insure. (McGill v Polytechnic Univ., 235 AD2d 400 [2d Dept 1997]; Morrison-Knudsen Co. v Continental Cas. Co., 181 AD2d 500 [1992]; American Ref-Fuel Co. of Hempstead v Resource Recycling, 248 AD2d 420 [2d Dept 1998].) On summary judgment, a certificate may be sufficient to raise an issue of fact, especially where additional factors exist favoring coverage (Morrison-Knudsen Co. v Continental Cas. Co., supra), but it is not sufficient, standing alone as it does here, to prove coverage as a matter of law.
Given the foregoing, the court finds that plaintiffs have failed to cite any facts or factors, policy, declaration, term, condition, exclusion or endorsements to establish that Upstate was either a named insured or an additional insured on the Everest policy or that it had any contractual relationship with Everest. Accordingly, defendant’s motion for an order granting summary judgment is granted.

 Rockland County index No. 6319/08.