[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

_____

No. 09-14856

_____

D. C. Docket No. 08-21544-CV-WMH

ARCH CREEK YACHT SALES, LLC,

Plaintiff-Appellant,

versus

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,
a New York corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 28, 2011)

Before EDMONDSON and PRYOR, Circuit Judges, and EVANS,[*] District Judge.


PER CURIAM:


After business hours, a person employed by Arch Creek Yacht Sales ("Arch Creek") stole a boat from the company. This person ran the boat aground, and it sank. Citing an insurance-policy exclusion for losses caused by "any dishonest act on the part of the insured['s] . . . employees," Great American Insurance Company denied coverage. The district court denied Arch Creek's motion for summary judgment for breach of contract and granted the insurer's motion for summary judgment on the applicability of the policy exclusion; we affirm the judgment.

The issue in this case is whether under these facts the word "employee"--not defined in the insurance-policy exclusion--covers a person whom the company has in its service and pays a salary but who at the pertinent time is acting after business hours and outside the scope of the business.

For an insurance contract, interpreted under New York law as the parties' contract requires, "unambiguous provisions must be given their plain and ordinary meaning." Sanabria v. Am. Home Assurance Co., 508 N.Y.S.2d 416, 416 (N.Y.

---

[*]Honorable Orinda Evans, United States District Judge for the Northern District of Georgia, sitting by designation.

1986).  Applying the tests of "common speech" and "the reasonable expectation and purpose of the ordinary businessman," MDW Enters., Inc. v. CNA Ins. Co., 772 N.Y.S.2d 79, 82 (N.Y. 2004) (internal quotation marks omitted), we agree with the district court that the word "employee" in the policy exclusion is unambiguous and plainly describes the boat thief here.  Both common speech and the expectations of an ordinary businessman dictate that someone who was in fact employed full time for a salary by Arch Creek would--at all times--be described accurately as an Arch Creek "employee."[1]

AFFIRMED.

---

[1] Arch Creek argues that different jurisdictions, other than New York, have interpreted the word "employee" differently from one another where after-hours conduct is involved, thus making "employee" ambiguous and requiring that that word's meaning be construed against the insurer/drafter.  But under New York law, the mere existence of such a split in judicial authority is not sufficient to create contract ambiguity.  See Breed v. Ins. Co. of N. Am., 413 N.Y.S.2d 352, 355 (N.Y. 1978) (citing Hartigan v. Cas. Co. of Am., 124 N.E. 789, 790 (N.Y. 1919)).