■ In the Matter of STATE BANK OF LONG ISLAND, Appellant, v JOSEPH MUNSON et al., Respondents. [944 NYS2d 295]—

In a proceeding, inter alia, to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law article 10, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered December 14, 2011, which denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the proceeding is converted to an action, inter alia, to set aside an allegedly fraudulent conveyance pursuant to Debtor and Creditor Law article 10, the notice of petition is deemed to be the summons, the petition is deemed to be the complaint and a motion for summary judgment on the complaint, and the respondents' opposition papers are deemed to be a motion for summary judgment dismissing the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, that branch of the appellant's motion which was for summary judgment on its cause of action to set aside an allegedly fraudulent conveyance is granted, those

branches of the appellant's motion which were for summary judgment on its remaining causes of action are denied, the cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the complaint.

Catherine Agnes Munson died on July 13, 2010. Her last will and testament left the residuary of her estate, which consisted solely of property located in New Hyde Park, per stirpes to her four children, including the defendant Joseph Munson. In a contract dated "October 2010," the four children, including Joseph Munson, contracted to sell the subject property to certain purchasers. A closing never occurred.

Meanwhile, a judgment dated November 17, 2010, was entered in favor of State Bank of New York (hereinafter State Bank) against Joseph Munson in the principal sum of $401,789.57. On March 18, 2011, Joseph Munson executed a document in which he purportedly renounced his interest in Catherine Munson's estate pursuant to Estates Powers and Trusts Law § 2-1.11. Subsequently, State Bank commenced this proceeding (now action) pursuant to Debtor and Creditor Law article 10 alleging, inter alia, that the purported renunciation was a fraudulent conveyance.

State Bank was entitled to summary judgment on its cause of action to set aside the alleged fraudulent conveyance. EPTL 2-1.11 (c) (1) provides that "[a]ny beneficiary of a disposition may renounce all or part of [his] interest." However, a "renunciation may not be made under this section with respect to any property which a renouncing person has accepted . . . For purposes of this paragraph, a person accepts an interest in property if such person voluntarily transfers or encumbers, *or contracts to transfer* or encumber all or part of such interest, or accepts delivery or payment of, or exercises control as beneficial owner over all or part thereof, or executes a written waiver of the right to renounce, or otherwise indicates [an] acceptance of all or part of such interest" (EPTL 2-1.11 [g] [emphasis added]). Here, State Bank made a prima facie showing that Joseph Munson's purported March 2011 renunciation of his interest in Catherine Munson's estate was invalid because he had previously accepted that interest by voluntarily contracting to transfer it in October 2010. In opposition, the defendants failed to raise a triable issue of fact.

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.