In the Matter of SOUTHERN QUEENS PARK ASSOCIATION, Respondent, v CAPITOL INSURANCE COMPANY, Appellant, et al., Respondents. [969 NYS2d 84]—

In a proceeding, inter alia, for a judgment declaring that Capitol Insurance Company is obligated to defend and indemnify Southern Queens Park Association in an underlying consolidated action entitled *Daly v City of New York,* pending in the Supreme Court, Queens County, under index No. 23363/09, Capitol Insurance Company appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Rosengarten, J.), entered January 11, 2012, as declared that it is obligated to indemnify Southern Queens Park Association to the extent of any judgment that may be rendered against Southern Queens Park Association as a result of an order of default that was entered against Southern Queens Park Association in the underlying action unless Capitol Insurance Company, at its own cost and expense, vacates said default in the underlying action.

Ordered that on the Court's own motion, the proceeding is

converted to an action, inter alia, for a judgment declaring that Capitol Insurance Company is obligated to defend and indemnify Southern Queens Park Association in an underlying consolidated action entitled *Daly v City of New York*, pending in the Supreme Court, Queens County, under index No. 23363/09, the notice of petition is deemed to be the summons, the petition is deemed to be the complaint and a motion for summary judgment on the complaint, and the opposition papers of Capitol Insurance Company are deemed to be a cross motion for summary judgment declaring that it has no obligation to defend or indemnify Southern Queens Park Association in the underlying action (*see* CPLR 103 [c]; *Matter of State Bank of Long Is. v Munson*, 95 AD3d 1133 [2012]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of Southern Queens Park Association which was for summary judgment declaring that Capitol Insurance Company is obligated to defend and indemnify Southern Queens Park Association in the underlying consolidated action is denied, the cross motion of Capitol Insurance Company for summary judgment declaring that it has no obligation to defend or indemnify Southern Queens Park Association in the underlying consolidated action is granted, and it is declared that Capitol Insurance Company has no obligation to defend or indemnify Southern Queens Park Association in the underlying action; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Southern Queens Park Association (hereinafter SQPA) is a not-for-profit corporation that, pursuant to agreement with the City of New York, operates and administers programs and events at Roy Wilkins Park. In July 2008, SQPA granted an application submitted by Irie Jam Media Group (hereinafter Irie) for a permit to hold a concert at Roy Wilkins Park. In connection therewith, Irie purchased an insurance policy from Capitol Insurance Company (hereinafter Capitol).

In separate actions against the City, SQPA, and Irie, a number of plaintiffs alleged that they were injured at the concert due to a stampede. In June 2009, one of those plaintiffs obtained an order declaring SQPA to be in default in her action. The actions were subsequently consolidated. In September 2011, SQPA commenced this proceeding (now action), inter alia, for a judgment declaring that Capitol is obligated to defend and indemnify SQPA in the consolidated underlying action.

We note that although SQPA commenced this proceeding as a special proceeding pursuant to CPLR article 4, the relief that it sought is cognizable only in an action at law (*see* CPLR 103 [b]).

Accordingly, we exercise our authority pursuant to CPLR 103 (c) to convert the proceeding into an action, inter alia, for a declaratory judgment (*see Matter of State Bank of Long Is. v Munson*, 95 AD3d 1133 [2012]; *Matter of Agoglia v Benepe*, 84 AD3d 1072, 1074 [2011]).

Capitol was entitled to summary judgment declaring that it has no obligation to defend or indemnify SQPA in the underlying action. Capitol demonstrated, prima facie, that SQPA was not a named or additional insured on the insurance policy that Capitol issued to Irie (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]; *York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 862 [2010]; *Matter of State Farm Mut. Auto. Ins. Co. v Russell*, 39 AD3d 759, 761-762 [2007]). In opposition, SQPA failed to raise a triable issue of fact. Contrary to SQPA's contention, it failed to demonstrate that Capitol should be equitably estopped from denying coverage. SQPA failed to demonstrate that it detrimentally relied on any actions or statements made by Capitol (*see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]; *Hanover Ins. Co. v Inter-Reco, Inc.*, 15 AD3d 443, 444 [2005]; *First Union Natl. Bank v Tecklenburg*, 2 AD3d 575, 576-577 [2003]).

SQPA's remaining contentions are without merit. Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.