STATE OF NEW YORK, Appellant, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Respondents.

Third Department, February 11, 1993

*Moran & Pronti,* Clifton Park *(Jay A. Smith* of counsel), for appellant.

*Thuillez, Ford, Gold & Conolly,* Albany *(Michael J. Hutter* of counsel), for American Manufacturers Mutual Insurance Company, respondent.

*Rowley, Forrest, O'Donnell & Hite, P. C.,* Albany *(John H. Beaumont* and *David P. Miranda* of counsel), for Genesee Management Inc. and another, respondents.

*Carusone & Carusone,* Saratoga Springs *(Susan F. Bartkowski* of counsel), for Wilmorite Inc., respondent.

## OPINION OF THE COURT

WEISS, P. J.

As part of the development of Rotterdam Square Shopping Center in the Town of Rotterdam, Schenectady County, the developer, defendant Rotterdam Square Associates (hereinafter RSA), a partnership comprised of defendants Genesee Management Inc. and Wilmorite Inc., was required to realign and reconstruct a portion of Campbell Road, a State highway. Plaintiff issued two highway work permits to RSA which included indemnification and hold harmless provisions and the requirement that plaintiff be a named insured on a liability insurance policy covering the work. This latter requirement was neglected and the policy issued by defendant American

Manufacturers Mutual Insurance Company (hereinafter American) to RSA failed to name plaintiff as an insured. When two owners of property on Campbell Road commenced a claim (hereinafter the claim) against plaintiff in the Court of Claims for damages resulting from construction-related flooding, both RSA and American declined to defend and indemnify plaintiff.

Plaintiff commenced this action for a declaratory judgment against American, RSA, Genesee and Wilmorite, requiring said defendants to defend and indemnify it from the claim. American moved for summary judgment dismissing the complaint on the ground that plaintiff was not a named insured on the policy it issued to Genesee and RSA and, accordingly, that it had no contractual obligation to defend and indemnify. Plaintiff cross-moved to remove this action to the Court of Claims. In opposition to the summary judgment motion plaintiff contended that coverage existed under the "contractual liability coverage" clause in the insurance policy. Supreme Court granted summary judgment to American, finding that American had no duty to defend and indemnify plaintiff because plaintiff was not a named insured on the policy it issued to Genesee and RSA, and denied plaintiff's cross motion, finding no compelling need for removal. Plaintiff has appealed.

■ Concededly, plaintiff does not appear as a named insured anywhere in the insurance policy. Notwithstanding this fact, plaintiff nevertheless contends that it is an intended beneficiary of the broad-form contractual liability coverage clause contained in the policy* and, further that it is a third-party (intended) beneficiary entitled to defense and indemnification by the carrier. American argues to the contrary. It thus becomes necessary for us to interpret the subject clause and in that process we recognize the well-accepted standard that principles generally applicable to contract interpretation apply equally to insurance contracts (see, *Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 876 [Fuchsberg, J., concurring]). We find lacking in the subject clause any ambiguity which would allow admission of extrinsic proof and, further, that its construction presents an issue of law to be

---

* The clause referred to provides:

"I. CONTRACTUAL LIABILITY COVERAGE

"(A) The definition of incidental contract is extended to include any oral or written contract or agreement relating to the conduct of the named insured's business.

decided by the Court by considering the policy itself and those factual elements which may be said to be integral to it *(see, supra)*. In the interpretation process, an unambiguous provision must be given its plain and ordinary meaning *(see, Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32, *affd on opn below* 49 NY2d 924).

While it well settled that the identity of a third-party beneficiary need not specifically be set forth in the contract *(Newin Corp. v Hartford Acc. & Indem. Co.,* 37 NY2d 211, 218-219; *MK W. St. Co. v Meridien Hotels,* 184 AD2d 312), it must be demonstrated that the parties to the insurance policy intended to insure the interest for which the third-party beneficiary seeks coverage *(Stainless, Inc. v Employers Fire Ins. Co., supra,* at 33; *see also, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655; *Facilities Dev. Corp. v Miletta,* 180 AD2d 97, 100-101; *Bonwell v Stone,* 128 AD2d 1013, 1014; *Goodman-Marks Assocs. v Westbury Post Assocs.,* 70 AD2d 145, 148; 18 Couch, Insurance 2d § 74:333, at 791). Put another way, where the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify *(Sanabria v American Home Assur. Co., supra,* at 868; *see, Board of Mgrs. v Schorr Bros. Dev. Corp.,* 182 AD2d 664, 665; *Citytrust v Atlas Capital Corp.,* 173 AD2d 300, 304).

American having offered sufficient proof in support of its summary judgment motion, the burden shifted to plaintiff to demonstrate the existence of a triable factual issue by submitting proof in evidentiary form as to whether the insurance policy evinced the intent that plaintiff was more than a mere incidental beneficiary *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Port Chester Elec. Constr. Corp. v Atlas, supra,* at 656). Support for this general rule may be found in *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.* (66 NY2d 38). There, the Court of Appeals held that the breach of a clause in the contract between the promisor wrecking company and the promisee municipality, specifying the extent of removal of construction debris from demolition of the plaintiff's unsafe building, could not support a finding that the plaintiff property owner was anything more than an incidental, rather than an intended beneficiary. Although the " 'requirement of some obligation or duty running from the promisee to [an alleged] third party beneficiary has been progressively relaxed' " *(supra,* at 45, quoting *McClare v Massachusetts*

*Bonding & Ins. Co.,* 266 NY 371, 379; *see, Seaver v Ransom,* 224 NY 233, 239), the Court found nothing in the contract, other than the language of the specification clause, on which the property owner sought to rely in its suit against the wrecking contractor from which to suggest any intent to benefit the plaintiff. So too here, there is nothing in the insurance policy to demonstrate the intent of RSA or Genesee and American to benefit plaintiff *(see, Board of Mgrs. v Schorr Bros. Dev. Corp., supra,* at 665). Accordingly, summary judgment was appropriate.

■ Nor do we find merit in the contention of plaintiff that Supreme Court erred in failing to remove this action to the Court of Claims. Beyond a bald conclusion that the interest of judicial economy would be served by consideration of this claim by the Court of Claims pursuant to Court of Claims Act § 9 (9-a) in conjunction with the underlying flood claim, plaintiff, which itself commenced this action in Supreme Court, has failed to demonstrate that Supreme Court, which concededly has jurisdiction, abused its discretion by retaining the action.

LEVINE, MAHONEY, CASEY and HARVEY, JJ., concur.

Ordered that the order is affirmed, with costs.