■ ANGELO J. NAPPO, SR., as Administrator of the Estate of ANGELO NAPPO, JR., Deceased, Plaintiff, v MENORAH CAMPUS, INCORPORATED, et al., Defendants. AMTHOR STEEL, INC., Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiff, v W.E. DARIN CONSTRUCTION ENTERPRISES, INC., Third-Party Defendant-Appellant. MENORAH CAMPUS, INCORPORATED, Third-Party Plaintiff-Respondent, v W.E. DARIN CONSTRUCTION ENTERPRISES, INC., Third-Party Defendant-Appellant. [628 NYS2d 907] —Order unanimously modified on the law and as modified

affirmed without costs in accordance with the following Memorandum: Supreme Court improperly granted summary judgment to defendant and third-party plaintiff Amthor Steel, Inc. (Amthor), against plaintiff's decedent's employer, third-party defendant W.E. Darin Construction Enterprises, Inc. (Darin) based upon contractual indemnification. Amthor failed to establish by proof in evidentiary form that the parties agreed (orally or otherwise) to an indemnification provision in their contract. Amthor cannot rely on its purchase order to establish that provision without proof that the purchase order accurately reflects a verbal agreement of October 30, 1991 that is mentioned therein.

The court properly granted summary judgment to defendant and third-party plaintiff Menorah Campus, Incorporated, based upon common-law indemnification. A property owner who is only vicariously liable under the Labor Law is entitled to common-law indemnification from the party that actually supervised, directed or controlled the work giving rise to the injury sustained by plaintiff's decedent *(see, Chapel v Mitchell,* 84 NY2d 345, 347). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Contribution and Indemnification.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.