■ ARTHUR F. MITCHELL et al., Plaintiffs, v COUNTY OF JEFFERSON, Defendant and Third-Party Plaintiff-Respondent-Appellant. WEATHERGUARD ROOFING COMPANY, Third-Party Defendant-Appellant-Respondent. [629 NYS2d 605] —Order unanimously reversed on the law without costs, motion denied and cross motions granted. Memorandum: Supreme Court erred in granting the motion of third-party defendant for summary judgment dismissing the first, third and fourth causes of action of the third-party complaint. Those causes of action seek common-law indemnification from the party that actually supervised, directed or controlled the work giving rise to the injury sustained by plaintiff *(see, Nappo v Menorah Campus,* 216 AD2d 876). We reject the contention of third-party defendant that those causes of action are precluded by the antisubrogation rule enunciated in *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281, 294-296). That rule is not applicable.

The court further erred in denying the cross motion of defendant-third-party plaintiff for summary judgment seeking dismissal of the first, second, third, fifth and sixth affirmative defenses in the answer of third-party defendant. The first, second and sixth affirmative defenses invoke the preindemnification doctrine that was rejected by the Court of Appeals in *North Star Reins. Corp. v Continental Ins. Co. (supra,* at 291-294). The third affirmative defense must also be dismissed because, contrary to the contention of third-party defendant, the third-party complaint does not violate the antisubrogation rule *(see, North Star Reins. Corp. v Continental Ins. Co., supra,* at 294-296). The fifth affirmative defense must also be dismissed. The contract between third-party defendant and the State of New York that contains a clause in which third-party

defendant agrees to indemnify and hold harmless the State of New York from liability for injuries arising from the negligence of third-party defendant does not violate General Obligations Law § 5-322.1.

Lastly, the court erred in denying the cross motion of third-party defendant for summary judgment seeking dismissal of the second cause of action of the third-party complaint. That cause of action, seeking contractual indemnification, should have been dismissed because third-party defendant did not enter into a contract with defendant and third-party plaintiff and no insurance policy procured by it listed defendant and third-party plaintiff as a named insured. Rather, it entered into a contract with the State of New York and, pursuant to that contract, purchased various insurance policies solely for the benefit of the State of New York. Furthermore, there is no merit to the contention of defendant-third-party plaintiff that it is a third-party beneficiary of that contract *(see, State of New York v American Mfrs. Mut. Ins. Co.,* 188 AD2d 152, 155). (Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—Indemnification.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.