■ DWIGHT D. CONLEY et al., Respondents, v SALT CITY ENERGY VENTURE, L.P., et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants-Respondents. CUSTODIS-COTTRELL, INC., Third-Party Defendant-Respondent-Appellant. [651 NYS2d 790] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. It is undisputed that Dwight D. Conley (plaintiff), a boilermaker employed by third-party defendant, Custodis-Cottrell, Inc. (Custodis), was injured on a construction job when a section of the hoist he was using fell approximately 18 feet and struck him on the head. The danger caused by such a falling object is within the special hazards contemplated by the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *Sherman v Babylon Recycling Ctr.,* 218 AD2d 631, *lv dismissed* 87 NY2d 895; *Fitzgibbons v Olympia & York Battery Park Co.,* 182 AD2d 1069, 1070).

The court erred, however, in denying the cross motions of defendants (Salt City and Duke) on their third-party contractual and common-law indemnification claims against third-party defendant, Custodis. Salt City was the agent of the Onondaga County Industrial Development Agency (IDA), the owner of the construction site, and Duke was the general contractor hired by Salt City. Custodis was a subcontractor hired by Duke to construct a reinforced concrete chimney at the work site.

Although a claim for indemnification "does not generally accrue until payment is made by the party seeking [indemnification]" (*Bay Ridge Air Rights v State of New York,* 44 NY2d 49, 53), "a conditional judgment may be entered where indemnification is based upon an express contract to indemnify against loss" (*Martinez v Fiore,* 90 AD2d 483). Moreover, in a Labor Law § 240 (1) situation, when the liability of a contractor is merely vicarious and there is no finding that it was negligent, "General Obligations Law § 5-322.1's prohibition against indemnifying a contractor for its own negligence is inapplicable [citation omitted] and [the general contractor] is entitled to judgment over against [its subcontractor] under the terms of their agreement" (*Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179; *see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, *rearg denied* 45 NY2d 776). Furthermore, an owner or general contractor who is held vicariously liable under Labor Law § 240 (1) is entitled to full indemnity from the party actually responsible for the incident giving rise to the plaintiff's injuries, thus allowing a passive or vicarious tortfeasor to recover from the active or actual tortfeasor (*Kelly v Diesel Constr. Div.,* 35 NY2d 1, 5-7; *Ellis v Hammond & Irving,* 217 AD2d 923; *Nappo v Menorah Campus,* 216 AD2d 876). The antisubrogation rule does not bar the indemnification claims of Salt City and Duke (*see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294; *Mitchell v County of Jefferson,* 217 AD2d 917). It is evident that the policies purchased by Custodis to protect Salt City, as the IDA's agent, and Duke, as the general contractor, were in force on the date of the accident. The excess liability policy is not relevant until there is a judgment sufficient to trigger the application thereof.

Therefore, we modify the order by granting the cross motions of defendants for summary judgment on their third-party contractual and common-law indemnification claims against Custodis. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.