TRAVELERS INDEMNITY COMPANY OF CONNECTICUT a/s/o The German School of New York, Plaintiff,

v.

THE LOSCO GROUP, INC., Pacific Iron Works, Inc., Fairway Testing Co., Inc., and Peter Englert & Associates, Inc., Defendants.

No. 99 CV 11422(CM)(GAY).

United States District Court,
S.D. New York.

June 29, 2001.

MEMORANDUM DECISION AND OR-
DER GRANTING IN PART DE-
FENDANT'S MOTION FOR
LEAVE TO AMEND THE COUN-
TERCLAIM AND DENYING DE-
FENDANT'S MOTION FOR
LEAVE TO FILE A THIRD PARTY
COMPLAINT

McMAHON, District Judge.

In an action to recover damages for the collapse of a school gymnasium at the German School in White Plains, New York, defendant The Losco Group, Inc. ("Losco") moves for leave to amend its counterclaim against Travelers Indemnity Company of Connecticut ("Travelers") to allege that Losco was an intended Third Party Beneficiary under a Travelers insurance policy taken out by The German School of New York ("the German School"), and to include claims of promissory estoppel and unjust enrichment against Travelers. Losco also moves for leave to file a third party complaint against the German School for breach of contract, breach of fiduciary duty, and unjust enrichment. Finally, Losco seeks to discontinue Count Two of its original counterclaim, which alleged intentional misconduct by Travelers.

## FACTUAL BACKGROUND

On or about July 23, 1997, Losco entered into a written agreement with the German School to perform general construction work necessary for the building of a gymnasium on the premises of the school.[1] (the "First Agreement") Pursuant to the terms and conditions of the First Agreement, the German School was required, *inter alia*, to purchase and maintain a comprehensive builder's risk insurance policy. The builder's risk policy insured against physical loss and damage to the property at the School during the construction of the gymnasium. On or about January 20, 1998, Travelers issued a builder's risk insurance policy to the German School that covered such risks. Losco was not a party to the Builder's Risk Policy, nor was it named as an additional insured on said policy.

On June 30, 1998, during Losco's construction of the gymnasium's roof structure, the roof of the gymnasium collapsed as a result of faulty welding on steel trusses that were designed to support the roof. After the collapse, The German School

---

1. Other related facts of this case are set forth in my opinion of March 23, 2001, granting in part and denying in part defendant Peter Eng- lert & Associates' motion to dismiss. *See Travelers Indemnity Co. v. The Losco Group, Inc.*, 136 F.Supp.2d 253 (S.D.N.Y.2001).

hired Losco to replace the damaged building construction at the German School site.[2] According to Losco, Michael Losco had a conversation with Jim Hanrahan of Travelers in which Losco agreed to replace all damaged building construction. (Losco Dep. at 40.) (the "Second Agreement"). Losco allegedly agreed orally with the German School and Travelers that Losco was to be paid only for the post-collapse repairs and construction that was of "like and kind" to the construction damaged during the collapse. Losco also alleges that the German School authorized Losco to perform additional extra work, and promised (again, orally) to pass through to Losco the monies received from Travelers for the post-collapse repairs. (Losco Dep. at 23.)

Ultimately, a dispute arose among Losco, the German School and Travelers regarding the amount that Losco was owed for its post-collapse construction and repair work. Losco claimed that it incurred costs of approximately $997,784 for the like-kind repairs at the German School. However, Travelers paid the German School, and The German School in turn paid Losco, only $759,230 for the repairs. Losco claims that it is owed at least $238,554 under the German School Construction Contract (the First Agreement), the Travelers Policy, and/or Losco's oral agreement with Travelers. (Losco Mem. in Support of Motion to Amend at 3.) Travelers contends that Losco has to look to the German School for payment, because the German School was the only insured on the Builder's Risk Policy.

## PROCEDURAL BACKGROUND

On November 12, 1999, Travelers, as subrogee, filed a complaint against defendants Losco, Pacific Iron Works, Inc., and Fairway Testing Co., Inc. to recover the amount paid to the German School for the damage resulting from the collapse of the gym roof. With permission of the Court, on October 16, 2000, Travelers amended its complaint to name Peter Englert & Associates, Inc. as defendant in the action. In its amended complaint, Travelers alleged two counts against Losco: gross negligence and negligence.

On or about November 20, 2000, Losco filed and served its counterclaim against Travelers. It alleged, *inter alia,* breach of contract (Count One) and intentional misconduct with respect to the redesigned roof trusses (Count Two). Travelers timely answered Losco's counterclaim on December 13, 2000.

On or about May 1, 2000—but five months before Losco asserted counterclaims here—Losco filed a Verified Complaint against The German School in New York Supreme Court, County of Westchester. Losco subsequently filed an Amended Verified Complaint, dated June 16, 2000. Losco's state action seeks damages for breach of both the first and second agreement for construction and repairs done before and after the collapse of The German School's roof. The First Agreement was terminated by the German School on April 12, 2000 as a result of alleged failures by Losco to correct "various defaults" under the contract. In Losco's Amended Verified Complaint against the German School, dated June 16, 2000, Losco seeks $3,214,255 for damages resulting from, *inter alia,* The German School's failure "to recognize and promptly pay for the extra and additional work it directed [Losco] to perform and to compensate Losco for the

---

**2.** The German School had no contractual obligation to hire Losco as its post-collapse general contractor.

additional home office and field expenses Losco incurred in performing the contract work and extra work."

Since the inception of Losco's counterclaim, Travelers and Losco have engaged in document exchange and inspection. On December 12, 2000, this Court extended discovery on the counterclaim until March 31, 2001, noting that: "There will be no more extensions. Discovery is limited to the new counterclaim."

On March 21, 2001, ten days before the discovery deadline on the counterclaim, Losco moved to amend its counterclaim against Travelers and to add a third party complaint against The German School. Losco's proposed amended counterclaim would add the following counts against Travelers: (1) breach of contract based on a theory of intended third party beneficiary; (2) promissory estoppel; and (3) unjust enrichment/quantum meruit. Losco also seeks to delete Count Two of its original counterclaim, relating to the redesign of the roof trusses. Losco's proposed third-party complaint against The German School asserts three claims: (1) breach of contract (the First Agreement); (2) breach of fiduciary duty; and (3) unjust enrichment/quantum meruit.

## DISCUSSION

■ A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990). Notwithstanding the liberality of the general rule, "[w]hether to allow amendment is a decision that rests in the discretion of the district court," *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y.1986) (citations omitted), and for a proper reason, a court may deny permission to amend, in whole

or in part. In discussing the use of this discretion, the Supreme Court has stated that in the absence undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, the leave sought should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Mere delay ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) (citations omitted).

The federal courts consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings. *See id.* (granting plaintiff's amendment despite delay of three years on grounds that there was no undue prejudice); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 734 F.Supp. 1071, 1078 (S.D.N.Y.1990) (allowing amended claim for punitive damages after three years where discovery was still open, little additional discovery was required, and no undue delay would result). Furthermore, amendment is favored where it would allow the merits of a claim to be fully adjudicated. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building Housing Development Co.*, 608 F.2d 28, 43 (2d Cir. 1979).

■ Of course, the liberal policy with regard to granting leave to amend must be reconciled with Rule 16 of the Federal Rules of Civil Procedure, which governs pretrial scheduling orders. "A schedule shall not be modified except upon a showing of good cause and leave of the [Court]." Fed.R.Civ.P. 16(b). A court

may grant permission to amend the pretrial order when "the interests of justice make such a course desirable." *Ismail v. Cohen*, 706 F.Supp. 243, 255 (S.D.N.Y. 1989) (quoting *Madison Consultants v. Federal Deposit Insurance Corp.*, 710 F.2d 57, 62 n. 3 (2d Cir.1983)). In making this determination, the Court must consider any prejudice to the non-movant and "balance 'the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.' " *Id.* (citation omitted).

Losco's request comes very late. The initial action was filed on November 12, 1999, and Losco's counterclaim was filed one year later—on November 20, 2000. This case is now over a year and a half old. I set a discovery deadline on Losco's counterclaim at March 31, 2001, a date that has long passed. I was also quite explicit that there would be no extension of that discovery schedule. Accordingly, I will not entertain any amendment to the counterclaim that could require any additional discovery to be taken. Discovery on the counterclaims is no longer "in its infancy" as Losco claims—nor should it have been on March 21, 2001 (ten days before the scheduled close of discovery) when Losco moved to amend its counterclaim.

For the reasons stated below, Losco's motion to add a counterclaim for promissory estoppel is granted, but its motion to add counterclaims in quantum meruit and as a third party beneficiary of the Travelers Building Risk Policy is denied as futile. Losco's motion to add file a Third Party Complaint against the German School is also denied.

### 1. *Losco's Counterclaims*

Travelers argues that granting Losco's motion amend the counterclaims would be futile, and that it would result in undue prejudice to them.

Losco's original counterclaim alleged breach of contract against Travelers. The Amended Counterclaim adds counts for (1) breach of contract under a theory that Losco was an intended third-party beneficiary under the Travelers Policy; (2) promissory estoppel; and (3) unjust enrichment/quantum meruit.[3]

### A. *Third–Party Beneficiary*

In order for a third party to enforce a policy of insurance, it must be demonstrated that the parties intended to insure the interest of the person seeking to recover on the policy. *See Stainless, Inc. v. Employers Fire Ins. Co.*, 69 A.D.2d 27, 33, 418 N.Y.S.2d 76, 80 (1st Dep't 1979), *aff'd*, 49 N.Y.2d 924, 428 N.Y.S.2d 675, 406 N.E.2d 490 (1980). In *Stainless*, 69 A.D.2d at 33. 418 N.Y.S.2d 76, the court wrote:

> As with other contracts, unless it is established that there is an intention to benefit the third party, the third party will be held to be a mere incidental beneficiary, with no enforceable rights under the contract.... *The intention to benefit the third party must appear from the four corners of the instrument.* The terms contained in the contract must clearly evince an intention to benefit the third person who seeks the protection of the contractual provisions.

*Id.* (emphasis added) Where the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit as an insured, there is no obligation to defend or indemnify. *State v.*

---

**3.** I have no problem if Losco wishes to drop its counterclaim alleging intentional misconduct with respect to the redesigned roof trusses. It is, accordingly, dismissed.

*American Mfrs. Mut. Ins. Co.*, 188 A.D.2d 152, 155, 593 N.Y.S.2d 885, 887 (3d Dep't 1993).

Losco does not allege that it was named in the insurance policy, and nothing in the Builder's Risk Policy expresses an intent to benefit Losco as a third party. To the contrary, the "German School of New York" is the only named insured, and the policy makes no reference to Losco in any manner—either as an additional insured or as a third party. Because there is no allegation that the four corners of the policy show an intention to benefit Losco, this theory of recovery would fail as a matter of law. Therefore any amendment to the counterclaim would be futile.

To the extent that Losco maintains that its status as a third-party beneficiary is evidenced by General Condition 11.3 of the First Agreement between The German School and Losco (requiring the German School to purchase an all-risk policy), this argument is unavailing. Even though the contract between these parties required that the German School purchase a builder's risk policy, the policy itself makes no mention of Losco.

Losco's motion to amend the counterclaim to include this theory of recovery is denied.

### B. *Quantum Meruit*

To state a claim for quantum meruit, a plaintiff must allege that: (1) the plaintiff rendered services to the defendant; (2) that the defendant accepted those services; (3) that the plaintiff expected reasonable compensation for those services; and (4) the reasonable value of the services rendered. *Huntington Dental & Medical Co. v. Minnesota Mining & Manuf. Co.*, No. Civ. 95–10959, 1998 WL 60954, *7 (S.D.N.Y.1998).

If a plaintiff fails to prove a valid contract, the court may nonetheless allow recovery in quantum meruit to assure a just and equitable result where the defendant "received a benefit from the plaintiff's services under circumstances which, in justice, preclude him from denying an obligation to pay for them." *Rule v. Brine*, 85 F.3d 1002 (2d Cir.1996) (quoting *Bradkin v. Leverton*, 26 N.Y.2d 192, 196, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970)). Such a recovery for unjust enrichment is permissible "when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex aequo et bono* belongs to another." *Id.* (quoting *Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337, 339 (1916)).

The amended counterclaim alleges that Losco rendered construction services to Travelers' insured, the German School, which in turn accepted the services. However, plaintiff also contends that Travelers asked it to provide the services, and agreed that it would cause the German School to compensate Losco out of the proceeds paid by Travelers to the German School. Thus, it is Losco's position that it provided services to Travelers. Losco contends that it expected the reasonable compensation for those services, in an amount of at least $997,784, and was only paid $759,320.

Travelers responds that the quantum meruit theory is unavailable because Losco failed to demonstrate that its services were performed for Travelers, rather than the German School. Travelers further argues that Losco and Travelers are not in privity, and that it "is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other

than the defendant, the plaintiff must look to that person for recovery." *Heller v. Kurz*, 228 A.D.2d 263, 264, 643 N.Y.S.2d 580, 581–82 (1st Dep't 1996).

Travelers is correct that the services were provided by Losco to the German School. Losco is a builder. It built and then repaired a school. Travelers may have been involved in the discussions that led to Losco's providing those services (see below), but that does not mean that the services were provided *to* Travelers. It is counterintuitive to say that services provided to an insured are also provided to its insurer. The insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit. In the absence of any authority espousing this theory—and Losco has provided none—I conclude that it would be futile for Losco to assert a claim against Travelers in quantum meruit.

### C. *Promissory Estoppel*

 In order to state a claim of promissory estoppel under New York law, plaintiff must allege that there was (1) a clear and unambiguous promise; (2) a reasonable and foreseeable reliance by the party to whom the promise is made; and (3) an injury sustained by the party asserting the estoppel by reason of his reliance. *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 74 (2d Cir.1989). Losco's proposed amended counterclaim alleges that Travelers promised to compensate Losco for repairing, replacing and constructing the roof after the collapse.[4]

The motion to amend the counterclaim to add a promissory estoppel claim is granted. Promissory estoppel is an alternative theory to breach of contract. The factual issues raised by this new theory (e.g. whether Losco acted in reliance on those promises) would not require any additional discovery, since Losco already has developed testimony about what promises were or were not made by Travelers, and what work was accomplished in reliance on the promises. Because the facts underlying the claims are the same, the addition of a promissory estoppel claim will not prejudice Travelers.

### 2. *Losco May Not File a Third Party Complaint*

On June 16, 2000, Losco filed an Amended Verified Complaint against the German School in the Supreme Court of the State

---

4. The proposed Amended Counterclaim states:

> Travelers agreed to fully protect and reimburse Losco for all costs incurred by Losco in repairing, replacing and constructing the like-kind roof. Travelers also agreed to compensate Losco for other portions of work Losco performed under the German School Construction Contract that had to be repaired or replaced as a result of the collapse. Travelers further agreed to pay Losco a rate of ten percent on Losco's subcontractor costs incurred in performing the relevant roof construction work. Under its contract with Losco, Travelers also agreed to pay Losco a combined overhead and profit rate of twenty-one percent on all other costs incurred by Losco in providing labor, material, services, and equipment in repairing, replacing, and constructing the like-kind roof.

(Amended Counterclaim ¶ 11.)

It also alleges that:

> Travelers promised to fully compensate Losco for all labor, materials, services, and equipment, with agreed upon mark-ups for profit and overhead, incurred by Losco in repairing, replacing, and constructing a like-kind roof at the Project after the collapse. Travelers also promised to compensate Losco for other portions of work Losco performed under the German School Construction Contract that had to be repaired or replaced as a result of the collapse.

(Id. ¶ 33.)

of New York, County of Westchester. In that Complaint, Losco alleged breach of its July 23, 1997 contract with the German School for failing to pay for work done on the gymnasium. Plaintiff alleged $3,214,255 in damages, and for enforcement of a mechanics lien on the premises in the amount of $2,785,670. Losco now seeks to add the German School as a third party defendant in this action, and to assert breach of contract, breach of fiduciary duty, and unjust enrichment against the German School.

Plaintiff alleges that the German School should be joined as a necessary party under Federal Rule of Civil Procedure 19(a), or in the alternative, under the permissive joinder rules of Rule 13 or 20.

### (a) The German School is Not a Necessary Party

The German School will not be joined pursuant to Rule 19(a). Fed. R.Civ.P. 19(a) states that a "necessary party" shall be added if:

(1) in the person's absence, complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any risk of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

Losco argues that the German School is a necessary party because it was a party to the First Agreement, signed in July 1997, and because it is the subrogor in Travelers' main action. (Def. Mem. In Supp. of Motion to Amend Counterclaim at 7.) It also contends that it would be preju-

diced if required to maintain a separate state court cause of action against the German School. Losco cites, as an example, the possibility that a trier-of-fact could find against Losco in its counterclaim against Travelers in this case, believing that the German School was the party truly liable. At the same time, a trier-of-fact in state court could find against Losco on its claim against the German School for the same monies, finding that Travelers is the true party liable.

However, the German School is *not* a necessary party within the meaning of the rule because complete relief can be accorded here as between Losco and Travelers, and the German School has no interest in these proceedings. There is also no risk that either Travelers or Losco would be subject to double, multiple or inconsistent *obligations* (as opposed to results) if the federal and state actions both proceed. *Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1 (1st Cir.1998). In *Delgado,* defendants faced a federal action and a state action arising from the same incident. The First Circuit, reversing the district court's dismissal of the complaint, stated that "the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other." *Id.* It continued:

Inconsistent obligations occur when a party is unable to comply with one court's order without breaking another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. *Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the*

*same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed. R.Civ.P. 19(a).*

*Delgado,* 139 F.3d at 3 (emphasis added). *See also Southern Co. Energy Marketing LP v. Virginia Elec. and Power Co.,* 190 F.R.D. 182 (E.D.Va.1999) (same); *No. Am. Specialty Ins. Co. v. Chichester School Dist.,* No. CIV–A 99–2394, 2000 WL 1052055, \*25 (E.D.Pa. July 20, 2000) (same).

Losco's fear is that each jury will conclude that the other party is liable to it. But as was true in *Delgado,* the mere possibility of inconsistent verdicts does not make the German School a necessary party under Rule 19(a). It is possible that Losco could win both cases, or lose both cases, or win one and lose one (one way or the other); but none of these results would result in Losco's incurring inconsistent obligations.

(b) Permissive Joinder Not Warranted

Plaintiff asks this Court, in the alternative, to join The German School under the permissive joinder rules of Fed.R.Civ.P. 13 and 20. Rule 13 provides that "persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of rules 19 and 20." Rule 20 states that persons may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relieve in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

█ Fulfillment of the specific requirements of Rule 20, however, is not enough to warrant granting the plaintiff's

motion. *Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D.N.Y.1981). Permissive joinder rests with the "sound discretion of the Court, which must determine if joinder 'will comport with the principles of fundamental fairness.' " *Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D.N.Y.1981) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir.1980)). A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a "Pandora's box" of discovery. *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1127 (2d Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *Krumme v. West-Point Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir.1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action"); *Republic Nat'l Bank v. Hales,* 75 F.Supp.2d 300, 308 (S.D.N.Y.1999) (noting that a court must consider whether joinder would require the opponent to expend significant additional resources to conduct discovery and to prepare for trial, or significantly delay the resolution of the dispute).

█ Losco's motion to file a Third Party Complaint against the German School is denied. Losco (albeit with its former counsel) chose the state court as its forum, and now must live with that decision. Joining the German School at this late stage would delay the proceedings, prejudice Travelers, and significantly delay resolution of this dispute. The German School would have the right to retake all depositions, and discovery—which has been completed for months—would need to be re-opened. Losco's claims are already being litigated in the state court action that Losco commenced six months after the present action was initiated. If

Losco has new claims against the German School, it can amend its pleading in state court.

## CONCLUSION

Losco's motion to amend the counterclaim is granted in part, allowing only the promissory estoppel claim to be included, and allowing Losco to omit Count Two of the original counterclaim. Losco's motion to file a Third Party Complaint against the German School is denied.

This constitutes the decision and order of this Court.