STATE OF NEW YORK, Respondent, et al., Plaintiff, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. [803 NYS2d 865]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 8, 2004. The judgment, insofar as appealed from, denied in part defendants' motion to dismiss the causes of action asserted by plaintiff State of New York against defendant Liberty Mutual Insurance Company.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of defendant Liberty Mutual Insurance Company as follows: It is adjudged and declared that defendant Liberty Mutual Insurance Company is not obligated to defend or indemnify plaintiff State of New York in the underlying action pursuant to the Owners and Contractors' Protective policy and as modified the judgment is affirmed without costs.

Memorandum: Pennsylvania Manufacturers Association Insurance Company (PMA) commenced this declaratory judgment action in the names of plaintiffs, its insureds, against defen-

dants, Liberty Mutual Insurance Company (Liberty Mutual) and Liberty Insurance Corporation. Plaintiffs were named as defendants in an underlying action, and PMA paid a settlement on plaintiffs' behalf. Liberty Mutual contends that Supreme Court erred in denying that part of defendants' motion to dismiss the first cause of action asserted by plaintiff State of New York (State) against it. The first cause of action sought a declaration that Liberty Mutual is obligated to defend and indemnify plaintiffs in the underlying action pursuant to an "Owners and Contractors' Protective policy." It is undisputed that the policy names only plaintiff New York State Thruway Authority (Authority), and not the State, as an insured, and thus we agree with Liberty Mutual that the State is not entitled to coverage under that policy (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]).

We reject the contention of the State that it is an intended third-party beneficiary of the policy. "In order for a third party to enforce a policy of insurance, it must be demonstrated that the parties intended to insure the interest of [the third party] who seeks to recover on the policy" (*Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]; *see State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 155 [1993]; *see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43-45 [1985]; *Cole v Metropolitan Life Ins. Co.*, 273 AD2d 832, 833 [2000]). "The intention to benefit the third party must appear from the four corners of the instrument," and "[t]he intention to cover the third party must be that of both parties to the insurance contract" (*Stainless, Inc.*, 69 AD2d at 33-34). Here, there is no evidence that Liberty Mutual and the Authority intended to insure the interest of the State. The State was not named as an insured, nor was it otherwise referred to in the policy (*see American Mfrs. Mut. Ins. Co.*, 188 AD2d at 155-156). Contrary to the State's contention, the State is not an intended third-party beneficiary of every contract entered into by the Authority. The Authority was created by a special act of the Legislature as a public corporation (*see Matter of Plumbing, Heating, Piping & A.C. Contrs. Assn. v New York State Thruway Auth.*, 5 NY2d 420, 423 [1959]) and, "[h]owever close [its] relationship [with the State] may be, . . . it is abundantly clear that the Authority stands on its own feet, [and] transacts its business affairs through its own personnel and on its own initiative" (*id.* at 424-425; *see Schulz v State of New York*, 84 NY2d 231, 246 [1994], *rearg denied* 84 NY2d 851 [1994], *cert denied* 513 US 1127 [1995]; *Bonaventure v New York State Thruway Auth.*, 108 AD2d 1002, 1003 [1985]), including entering into contracts separate

and apart from the State (*see* Public Authorities Law § 354 [7]; *Plumbing, Heating, Piping & A.C. Contrs. Assn.*, 5 NY2d at 423-425; *Matter of Loyal Tire & Auto Ctr. v New York State Thruway Auth.*, 227 AD2d 82, 85 [1997], *lv denied* 90 NY2d 804 [1997]). Thus, we modify the judgment by granting judgment in favor of Liberty Mutual. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.