■ CATHOLIC HEALTH SERVICES OF LONG ISLAND, INC., Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. [847 NYS2d 638]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend the plaintiff in certain underlying antitrust investigations by the New York State Attorney General and the United States Department of Justice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 18, 2006, which denied its motion for summary judgment, in effect, declaring that the defendant is so obligated and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment.

In March 1998 the plaintiff, its five subsidiary hospitals, and several other parent corporations and their subsidiary hospitals entered into a joint venture agreement, and thereafter into an amended joint venture agreement, to deliver cost-effective quality healthcare on Long Island. Pursuant to the joint venture agreement, individual hospitals shared a governance structure, clinical planning strategies, and financial risks. The plaintiff provided 43% of the stated capital for the venture. The joint venture was called Long Island Healthcare Network (hereinafter LIHN), but it was not registered as a separate legal entity.

In October 1998 the plaintiff purchased a not-for-profit insurance policy (hereinafter the policy) from the defendant, and the plaintiff and its five subsidiary hospitals were named insureds under the policy. The policy provided, among other things, defense coverage for "claims" against an "insured" for "wrongful acts." A "claim" was defined, inter alia, as "a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document." A "wrongful act" was defined, among other things, as a violation of the Sherman Antitrust Act or similar federal or state law.

In November 2002 the New York State Attorney General addressed an investigative subpoena to LIHN and served it upon LIHN. The subpoena stated that the material sought was relevant to "a confidential investigation into whether the activities of [LIHN] and the joint activities of hospitals within LIHN" violated certain provisions of the Sherman Antitrust Act (see 15 USC §§ 1, 2) or the Donnelly Act (see General Business Law § 340). The accompanying interrogatories defined LIHN broadly as including, inter alia, not only LIHN, but also any entity owning at least a 20% ownership interest in LIHN. Subsequently, the United States Department of Justice (hereinafter the DOJ) also served interrogatories on LIHN.

The plaintiff expended the sum of $2,300,877.77 in answering the interrogatories and on legal fees. The plaintiff sought coverage under the policy upon the theory that the subpoena and interrogatories were "claims" within the meaning of the policy. The defendant disclaimed coverage.

The plaintiff commenced this action alleging, among other things, that the subpoena and interrogatories were "claims" within the meaning of the policy, and thus, that the defendant owed it a defense and should pay the costs incurred by it in answering the subpoena and interrogatories. The plaintiff moved for summary judgment, in effect, declaring that the defendant was obligated to defend it under the policy, and the defendant cross-moved for summary judgment dismissing the complaint.

The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion, reasoning, inter alia, that insofar as LIHN was the designated recipient of the subpoena and interrogatories, it was the target of the investigation, and insofar as LIHN was not a named insured under the policy, the plaintiff's claim for its costs and attorney's fees was not covered under the policy. The court reasoned that the plaintiff had only incurred attorney's fees and costs indirectly and "solely by virtue of an independently imposed contractual obligation contained" in the joint venture agreement to pay a share of the fees proportionate to its ownership interest (43%). The court reasoned that it was not necessary to reach the plaintiff's additional contention that the subpoena constituted a "claim" within the meaning of the policy. We agree.

Coverage extends only to named entities and/or individuals defined as insured parties under the relevant terms of the policy (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]; *Seavey v James Kendrick Trucking*, 4 AD3d 119 [2004]; *Mitchell v County of Jefferson*, 217 AD2d 917 [1995]; *National Gen. Ins. Co. v Hartford Acc. & Indem. Co.*, 196 AD2d 414, 415 [1993]). "[W]here the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify" (*State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 155 [1993]).

Here, since LIHN is not named, described, or otherwise referred to as an insured in the policy, the coverage provisions of the policy are inapplicable and there is no duty to defend (*see State of New York v Liberty Mut. Ins. Co.*, 23 AD3d 1084 [2005]).

In light of our determination, it is not necessary to reach the plaintiff's contention that the subpoena constituted a "claim" within the meaning of the policy.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.