■ JOHN PAUL VALENTE, Plaintiff, v DAVE & BUSTER'S OF NEW YORK, INC., et al., Respondents, and W&S ASSOCIATES, L.P., et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendant. TANGO ACQUISITION, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [19 NYS3d 533]—

In an action to recover damages for personal injuries, the de-

fendants/third-party plaintiffs, W&S Associates, L.P., and Simon Property Group, Inc., appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered November 13, 2013, which denied their motion for summary judgment declaring that they were entitled to defense, indemnification, and additional insured status from the defendants Dave & Buster's of New York, Inc., Dave & Buster's, Inc., and Dave & Buster's Management Corporation, Inc., and the third-party defendant Tango Acquisition, Inc.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly was assaulted at premises owned by the defendants W&S Associates, L.P., and Simon Property Group, Inc. (hereinafter together the landlord defendants), and leased to the defendants Dave & Buster's of New York, Inc., Dave & Buster's, Inc., Dave & Buster's Management Corporation, Inc., and the third-party defendant Tango Acquisition, Inc. (hereinafter collectively the tenants). The infant plaintiff, by his parents, commenced this action against the landlord defendants and Dave & Buster's of New York, Inc., Dave & Buster's, Inc., and Dave & Buster's Management Corporation, Inc., seeking to recover damages for personal injuries. The landlord defendants impleaded Tango Acquisition, Inc., among others. The landlord defendants moved for summary judgment declaring that the tenants are obligated to defend, indemnify, and provide additional insured status to the landlord defendants. The Supreme Court denied the motion. We affirm.

" 'The right to contractual indemnification depends upon the specific language of the contract,' " and " '[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances' " (*Sovereign Bank v Biagioni*, 115 AD3d 847, 848 [2014], quoting *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]). Here, the landlord defendants failed to make a prima facie showing that the indemnification provision in the subject lease required the tenants to indemnify them from claims alleging active negligence that were asserted against them, and for which they might be liable. Furthermore, since the tenants are not insurers, their duty to defend is no broader than their duty to indemnify (*see Sawicki v GameStop Corp.*, 106 AD3d 979 [2013]). Accordingly, the Supreme Court properly denied the landlord defendants' motion for summary judgment.

We have not considered the landlord defendants' remaining contentions concerning the tenants' obligations under a self-

insured retention endorsement in a liability insurance policy issued to the tenants, as those contentions were improperly raised for the first time before the Supreme Court in reply papers (*see Medugno v City of Glen Cove*, 279 AD2d 510 [2001]). Eng, P.J., Chambers, Roman and Barros, JJ., concur.