Brooklyn View v PRP, LLC (2018 NY Slip Op 01898)





Brooklyn View v PRP, LLC


2018 NY Slip Op 01898


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-09538
 (Index No. 502338/14)

[*1]Brooklyn View, appellant, 
v
PRP, LLC, doing business as 18th Ave. Mini Market, et al., respondents.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacquelie Mandell, David A. Beatty, and Rebecca Barrett of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, New York, NY (Joseph S. Kavesh, Adam R. Durst, and James Strauss of counsel), for respondent New York Central Mutual Fire Insurance Co.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant New York Central Mutual Fire Insurance Co. is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled Nazeh v PRP, LLC, pending in the Supreme Court, Kings County, under Index No. 502338/14, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 24, 2015, as denied its motion for summary judgment on its cause of action for contractual indemnification against the defendants PRP, LLC, doing business as 18th Ave. Mini Market, and Dhwani Patel, and declaring that the defendant New York Central Mutual Fire Insurance Co. is obligated to defend and indemnify it in the underlying personal injury action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Brooklyn View (hereinafter the landlord), leased the ground floor of a building to the defendants PRP, LLC, doing business as 18th Ave. Mini Market, and Dhwani Patel (hereinafter together the tenants). The tenants operated a store in the leased premises. One night, a store employee set the trash out on the sidewalk, and an unknown individual set it on fire. The fire ultimately spread to some of the interior portions of the premises. Several of the building's other tenants commenced an action against the landlord, among others (hereinafter the underlying action), to recover damages for personal injuries allegedly caused by the fire.
The tenant's insurer was New York Central Mutual Fire Insurance Co. (hereinafter the insurer). The insurer refused to defend and indemnify the landlord in the underlying action on the ground that the tenants' insurance policy did not list the landlord as an additional insured. The landlord commenced this declaratory judgment action against the insurer, contending that the tenants' policy provided coverage for liabilities assumed by the tenants under their lease with the landlord, and therefore the insurer must defend and indemnify the landlord in the underlying action. The landlord also asserted a cause of action against the tenants for contractual indemnification pursuant to their lease.
The landlord moved for summary judgment on its cause of action for contractual indemnification against the tenants and declaring that the insurer is obligated to defend and [*2]indemnify it in the underlying action. The Supreme Court, inter alia, denied that motion, and the landlord appeals.
The landlord failed to establish, prima facie, that the lease obligates the tenants to indemnify the landlord in the underlying action. Resolution of the issue should await the determination of liability in the underlying action (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412; Valente v Dave & Buster's of N.Y., Inc., 132 AD3d 973; Bryde v CVS Pharmacy, 61 AD3d 907), and since the tenants are not insurers, their duty to defend is no broader than their duty to indemnify (see Bermudez v New York City Hous. Auth., 199 AD2d 356). Accordingly, the Supreme Court properly denied that branch of the landlord's motion which was for summary judgment on its cause of action for contractual indemnification.
The landlord also failed to establish, prima facie, that the insurer must defend and indemnify it in the underlying action pursuant to the terms of the policy. Coverage extends only to named entities and/or individuals defined as insured parties under the terms of an insurance policy, so that if the policy does not name, describe, or otherwise refer to the landlord, there is no obligation to defend or indemnify (see Catholic Health Servs. of Long Is., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 46 AD3d 590). Here, the policy provides coverage for liabilities the tenants assume pursuant to a lease. However, status as an indemnitee does not necessarily operate to confer status as an additional insured entitled to coverage (see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856). Indeed, the policy here is ambiguous as to whether the insurer is obligated to provide coverage to the landlord pursuant to the terms of the policy and the lease (see Majawalla v Utica First Ins. Co., 71 AD3d 958, 960). Thus, the landlord failed to establish, prima facie, that the parties to the policy intended to insure the interest for which the landlord seeks coverage (see State of New York v American Mfrs. Mut. Ins. Co., 188 AD2d 152, 155). Accordingly, the Supreme Court properly denied that branch of the landlord's motion which was for summary judgment declaring that the insurer is obligated to defend and indemnify it in the underlying action (see Majawalla v Utica First Ins. Co., 91 AD3d at 960-961).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court