Zurich Am. Ins. Co. v ACE Am. Ins. Co. (2022 NY Slip Op 05821)

Zurich Am. Ins. Co. v ACE Am. Ins. Co.

2022 NY Slip Op 05821

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 651579/16 Appeal No. 16484 Case No. 2021-01832 

[*1]Zurich American Insurance Company, Plaintiff-Appellant-Respondent,
v
ACE American Insurance Company et al., Defendants, Utica National Insurance Company of Texas et al., Defendants-Respondents, Scottsdale Insurance Company, Defendant-Respondent-Appellant.

Coughlin Midlige & Garland LLP, New York (Patrick K. Coughlin of counsel), for appellant-respondent.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Leonard Porcelli of counsel), for respondent-appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Jonathan Glasser of counsel), for Utica National Insurance Company of Texas, respondent.
Hardin Kundla McKeon & Poletto, New York (John S. Favate of counsel), for RSUI Indemnity Company, respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 22, 2021, which, to the extent appealed from (1) granted defendant Utica National Insurance Company of Texas's motion for summary judgment declaring that nonparties Tutor Perini Corporation (TPC), Tutor Perini Building Corp. (TPBC), and Legacy Yards Tenant LLC are not insureds under a commercial auto policy issued by Utica to nonparty Rebar Steel Corp. and are therefore not entitled to a defense, indemnification, or reimbursement of defense costs by Utica in two underlying actions, and dismissing defendant Scottsdale Insurance Company's cross claims against Utica; (2) denied defendant Zurich American Insurance Company's motion for partial summary judgment against Utica seeking a declaration that Utica has a duty to defend and indemnify TPC, TPBC, and Legacy in an underlying action (the Quinn action) on a primary, noncontributory basis, and that Utica has a duty to reimburse Zurich for all costs incurred by Zurich in defending TPC, TPBC, and Legacy in a second underlying action; (3) denied Zurich's motion for partial summary judgment against defendant RSUI Indemnity Company seeking a declaration that RSUI owes a duty to indemnify TPC, TPBC, and Legacy in the Quinn action and that RSUI's coverage obligations are primary and noncontributory to Zurich's policy; and (4) denied Zurich's motion for partial summary judgment against Scottsdale for a declaration that Scottsdale owes a duty to indemnify TPC, TPBC, and Legacy in the Quinn action and that Scottsdale's coverage obligations are primary and noncontributory to Zurich's policy, unanimously affirmed, with costs.
The underlying lawsuits involve allegations that TPC, TPBC, and Legacy are liable for their own negligence and that of their contractors after improperly secured rebar cages or beams struck an employee of nonparty B&R Rebar Consultants/Rebar Steel Corp., A Joint Venture (RJV). The RJV employee was allegedly struck while unloading a trailer owned by TPC, and by beams or cages that had been loaded onto the trailer by RJV employees. B&R Rebar Consultants, one of RJV's joint venturers, obtained auto coverage for itself and RJV, and that policy was previously found to provide primary coverage to TPC, TPBC, and Legacy (see Zurich Am. Ins. Co. v ACE Am. Ins. Co., 179 AD3d 565, 566-567 [1st Dept 2020]).
The court properly granted Utica's motion for summary judgment. The rebar contractor at the site was RJV, and although Utica issued a commercial auto policy to Rebar Steel Corp., one of the joint venturers, that policy did not name, describe, or otherwise refer to RJV itself as an insured in the policy (see Catholic Health Servs. of Long Is., Inc. v National Union Fire Ins. Co. of Pittsburg, Pa., 46 AD3d 590, 592 [2d Dept 2007]). In any event, Utica's policy contains an extension that precludes coverage with respect to conduct of any joint venture not shown in the declarations of named insureds in Utica's policy, and RJV [*2]is not listed in the declarations. In addition, the prefatory language of the extension states that the broadening coverage is limited to the auto coverage part. Zurich's interpretation of the prefatory language would improperly render the later specific joint venture language meaningless or mere surplusage (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 5 [1st Dept 2019]). To the extent the language of the extension is conflicting, the more specific joint venture language would control (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]). As Zurich's insureds are not insured under the Utica policy, they likewise do not qualify as insureds under RSUI's excess policy, as that policy follows form.
The court also properly denied Zurich's motion seeking a declaration that Scottsdale's coverage is primary to Zurich's. Zurich failed to establish that a comparison of the insurers' policies, and particularly the "other insurance" clauses, provided that the coverage provided by Zurich is excess to that provided by Scottsdale (see Sport Rock Intl., Inc. v American Cas Co. of Reading, Pa., 65 AD3d 12, 18, 19 n 5 [1st Dept 2009], appeal withdrawn 14 NY3d 796 [2010]).
We have considered Zurich's and Scottsdale's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022